IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FABIOLA S. C.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 1:21-cv-00532-HZ

OPINION & ORDER

Fabiola S. C.
310 Independence Circle, Apt. D
Phoenix, OR 97535

    Pro Se Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

David Burdett
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Pro Se Plaintiff Fabiola S.C. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI") from March 29, 2012, to February 13, 2019.[2] This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB and SSI on May 23, 2017, alleging an onset date of November 26, 2003. Tr. 493.[3] Because of a prior application for benefits, however, the period under review did not begin until March 29, 2012. Tr. 420. Plaintiff's date last insured ("DLI") is September 30, 2015. Tr. 493. Her application was denied initially and on reconsideration. Tr. 587–96, 600–05.

      On October 1, 2019, Plaintiff appeared without counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 439. On October 28, 2019, the ALJ issued a partially

---

[2] In her original Complaint, Plaintiff also makes broad allegations of wrongdoing against her doctors and seeks investigations and compensation for their actions. Compl., ECF 1. As these allegations do not pertain to the Commissioner of Social Security or Plaintiff's narrower request in her Amended Complaint that the Court review her social security appeal, the Court declines to address them here.
[3] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 14.

favorable decision, finding Plaintiff disabled as of Plaintiff's fifty-fifth birthday on February 13, 2019. Tr. 428–29.  The Appeals Council dismissed Plaintiff's appeal. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on "physical conditions, neck and back issues, hips, chronic pain, mental health issues, [and] limited walking/lifting." Tr. 768. At the time of the alleged onset date, she was 39 years old. She has a high school education and past relevant work experience as a fruit picker. Tr. 426–27.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner]

acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her prior ALJ decision. Tr. 423. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "spinal degenerative disc disease; left shoulder osteoarthritis and impingement; right shoulder degenerative joint disease; and carpal tunnel syndrome." Tr. 423. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 423. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations: "[S]he can never crawl, climb ladders, ropes and scaffolds, or reach overhead bilaterally. She can frequently handle with the bilateral upper extremities." Tr. 424.

Because of these limitations, the ALJ concluded that Plaintiff could not perform her past relevant work. Tr. 426. At step 5, the ALJ concluded that Plaintiff's age category changed as of Plaintiff's fifty-fifth birthday. Tr. 427. Prior to her birthday, the ALJ found Plaintiff was able to work as a toll bridge attendant, garment sorter, or laundry sorter. Tr. 427–28. When she turned fifty-five, however, Plaintiff became disabled-pursuant to Medical-Vocational Rule 202.04. Tr. 428. Thus, the ALJ concluded that Plaintiff is disabled as of February 13, 2019. Tr. 428.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

///

///

///

**DISCUSSION**

Plaintiff asks the court to "review [her] appeal regarding [her] payment due on [her] SSI" case.[4] Compl 1. But Plaintiff does not argue that the ALJ made any specific error in his decision. Rather, Plaintiff rehashes her medical history, presumably in support of an argument that she was disabled throughout the relevant period. She states that she was first injured on the job in 2002 and suffered several more injuries after that. Pl. Br. 1–2, ECF 17; Compl. She could not keep a job because activity increased her pain, and the pain medications she was prescribed caused additional issues. *Id.* Plaintiff says her doctors refused to "report" her illnesses to Social Security and treat her conditions. *Id.*

After reviewing the record, the Court finds that the ALJ's partially favorable decision is supported by substantial evidence. In formulating Plaintiff's RFC, the ALJ reviewed the medical record, Plaintiff's testimony, a function report completed by Plaintiff's daughter, and evidence from medical providers. Imaging showed degenerative disc disease in her cervical spine, spondylolisthesis in her lumbosacral spine, a partial rotator cuff tear, and moderate glenohumeral arthritis. Tr. 1335, 1352. Plaintiff regularly sought medical care during the relevant period for her shoulder and back pain. She regularly reported to medical providers that she was working, though with limitations caused by pain. Tr. 1202, 1204 (hard to lift boxes repetitively at work), 1203 (pain with lifting and overhead activity at work), 1207 (pain affects raising her arm and has pain at work), 1311 (working long hours, low back sore and stiff), 1437 (reports hard day at work but shoulder pain improvement), 1440 (tired from working all week). To treat her pain, she

---

[4] Plaintiff's pleadings and briefing primarily focus on whether her appeal filed with the Appeals Council was timely. The Commissioner does not respond to these allegations or argue that Plaintiff has failed to exhaust her administrative appeal process, instead focusing on the substance of the ALJ's decision. Def. Br., ECF 18. Failure to exhaust is waivable by the agency. *See Smith v. Berryhill*, 139 S.Ct. 1765, 1773–74 (2019).

primarily sought massage, physical therapy, chiropractic care, injections, and acupuncture rather than surgical intervention or more substantial pain medications. Tr. 1195 (does not want more prescriptions because she did not feel they will fix her problem), 1208 (Flexeril and naproxen are helpful), 1373 (would like to proceed with conservative treatment based on improvement in symptoms but doctor recommends shoulder replacement). She also reported that these treatments improved her pain. Tr. 1194 (reports injection helped her shoulder pain a great deal and had a good experience with acupuncture), 1372 (improvement after injection), 1429 (neck better since chiropractic care began), 1440 (reports massage helping her).

There are few medical opinions in the record. Some of these opinions described few—if any—functional limitations. Tr. 425–26 (citing letter from Megan Orr, FNP, that Plaintiff reports she has not been able to work since 2008), 426 (citing letter from Leah Schindler, FNP, that Plaintiff "does not feel like she is able to work with this [sic] injuries/illnesses and is applying for disability"). The ALJ otherwise incorporated those functional limitations that were described by medical providers into the RFC. For example, the ALJ noted that Dr. Grant "recommended avoidance of repetitive/strenuous use of the arms and hands" and found that Plaintiff should be limited to "light exertion and frequent handing with the bilateral upper extremities." Tr. 426. Similarly, he incorporated Dr. Cabalo's opinion that Plaintiff could not lift more than 20 pounds by limiting Plaintiff to light work. Tr. 426.

Plaintiff described some limitations in her testimony and function report. The ALJ incorporated some of these into his RFC and found that others were not consistent with her work activity, her daily activities, and Plaintiff's history of conservative treatment. The ALJ's reasoning is clear, convincing, and supported by the record. For example, Plaintiff testified that she could not work due to her back and shoulder pain. Tr. 445–47. She has difficulty standing for

7 – OPINION & ORDER

long periods of time or bending without pain. Tr. 446. She testified she can only walk 30 minutes before needing to rest. Tr. 446. She also testified she has difficulty with overhead reaching, limitations in holding her arms in front of her, and pain when using her hands. Tr. 447–48. Many of her self-reported limitations are consistent with her RFC, which limits her to light work with no crawling; no climbing ladders, ropes, or scaffolds; no reaching bilaterally, and only frequently handling with her bilateral upper extremities. Tr. 424. And she did describe some significant activities of daily living in her function report that reasonably conflict with her testimony. She walks her dog, prepares complete meals with several courses, does housework, and can ride a bike a short distance to go grocery shopping. Tr. 798–801, 449. She stated that she can pay attention for hours, finishes what she starts, and understands instructions well. Tr. 802. Plaintiff also reported working throughout the relevant period, and her earnings records reflect jobs at a few different employers into 2018. Tr. 717–19. And, as noted above, Plaintiff declined surgical intervention and most pain medications, opting instead for mostly conservative treatment, such as chiropractic adjustments, physical therapy, and acupuncture.

The ALJ gave little weight to lay witness testimony in the record. Tr. 425. Specifically, he noted that Plaintiff's daughter reported that Plaintiff's pain slowed her down but did not result in her needing help with any particular activity. Tr. 425. And the ALJ found that a statement from a chiropractor did not provide specific functional limitations. Tr. 425. To the extent that rejection of either witness was an error, the reasons that the ALJ rejected Plaintiff's testimony apply equally to these witnesses.

The ALJ presented a hypothetical consistent with Plaintiff's RFC to the Vocational Expert ("VE"). Tr. 456–58. The ALJ first asked the VE whether Plaintiff could perform her past relevant work. Tr. 456. The VE testified that she could not, and the ALJ—applying the Medical-

Vocational Guidelines—determined that Plaintiff was disabled as of her fifty-fifth birthday. Tr. 456. The VE, however, identified jobs that an individual with Plaintiff's RFC could perform prior to age fifty-five, including toll bridge attendant, garment sorter, and parking lot attendant. Tr. 457–58. Accordingly, the Court finds the ALJ's decision is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED:___February 26, 2023_____.

                                  _____
                                  MARCO A. HERNÁNDEZ
                                  United States District Judge